BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KELSEY A. MANWEILER, IDAHO STATE BAR NO. 10604
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALEJANDRO TORRES-ESTRADA, <br><br> Defendant. | Case No. 1:25-mj-00267-DKG <br><br> **MOTION FOR DETENTION** |

Pursuant to 18 U.S.C. § 3142(e) and (f), the United States requests that the Defendant be detained pending trial. Due to the serious risk that the Defendant will flee, a detention hearing is authorized under 18 U.S.C. § 3142(f)(2)(A) to determine whether any condition or combination of conditions will reasonably assure the appearance of the Defendant. At the hearing, the United States will present evidence and argument as to the Defendant's risk of flight/non-appearance. The United States therefore submits this Motion to make the threshold showing that a detention hearing is warranted, and that the Defendant should be detained. This motion previews some of the evidence and argument that the Government expects to present at the hearing.

MOTION FOR DETENTION - 1

## FACTUAL BACKGROUND

The Government hereby incorporates the facts set forth in the affidavit in support of the criminal complaint filed in this case. (ECF No. 2.) The Government proffers the following additional facts relevant to detention. The Defendant was working alongside Samuel Bejarano and his wife, Dayana Fajardo, who are also charged via criminal complaint with illegal gambling in violation of 18 U.S.C. § 1955. *See* 1:25-mj-00264-DKG (ECF No. 1 and 2.) and *See* 1:25-mj-00265-DKG (ECF No. 1 and 2.)  Bejarano is the bookmaker and administrator of the illegal gambling operation, and the Defendant assisted with taking wagers and paying/collecting the proceeds of the illegal gambling on race day. All three are Mexican citizens who are in the United States unlawfully. The Defendant resides in Buhl, Idaho and has no known lawful employment.

## ANALYSIS

Whether a defendant is detained pending trial is a two-step analysis under the Bail Reform Act. First, the court determines whether a detention hearing is authorized. Second, the court determines whether "any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

**I.    This Court should conduct a detention hearing because the Defendant poses a serious risk of flight.**

A detention hearing is warranted if, upon motion of the attorney for the Government, the case involves a serious risk the defendant will flee. 18 U.S.C. § 3142(f)(2)(A). The Government must prove risk of flight by a preponderance of evidence. *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1136 (D. Idaho July 10, 2023); *see also United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). A "serious risk of flight" under § 3142(f)(2)(A) is a great risk –

MOTION FOR DETENTION - 2

beyond average – "that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." *Id.* at 1138. When evaluating the risk, this Court has recognized the following four categories as relevant to its determination: (1) "incentives to flee"; (2) "ability to flee"; (3) "ties to the jurisdiction and the United States"; and (4) "reliability and trustworthiness of the defendant." *Id.* at 1140.

Here, those factors show the Defendant is a serious risk of flight, including:

1. <u>Incentive to flee</u>

The Defendant has minimal criminal history, but he now faces a federal felony charge. The weight of evidence against him is strong. He was observed during two undercover operations assisting with making and collecting illegal bets. Some of his illegal activity was captured on video. Thus, a conviction is likely.

Under the applicable U.S. Sentencing Guidelines provision, U.S.S.G. § 2E3.1, the Defendant's estimated guidelines range is 10 to 16 months imprisonment. This is not an insignificant period of incarceration. Avoiding a felony conviction and corresponding prison sentence provides an incentive to flee.[1]

2. <u>Ability to flee</u>

Ability to flee involves the Defendant's access to resources that would enable flight. *See Figueroa-Alvarez,* 681 F. Supp. 3d at 1142. The Defendant appears to have been previously removed by customs and border patrol in 1990. He is a citizen of Mexico and likely has ties and/or connections in Mexico.

3. <u>Ties to the jurisdiction and the United States</u>

---

[1] This calculation contemplates a base offense level of 12, a two-level reduction under 4C1.1, and a Category I criminal history.

MOTION FOR DETENTION - 3

The Defendant's lack of ties to the jurisdiction and the United States is one of the most significant factors for the Court to consider. *See id.* at 1142. "This fact-specific inquiry involves multiple factors: (i) length of residence in the jurisdiction and the United States; (ii) presence of family members in the jurisdiction and the United States; (iii) community ties to the jurisdiction and the United States; and (iv) ability to legitimately be employed and earn income in the United States." *Id.* at 1142.

Here, the Defendant's primary tie to the United States appears to be a community of individuals unlawfully in the United States involved in the same criminal organization. Neither the Defendant nor his associated have lawful employment, nor can they lawfully gain employment in the United States. The Government lacks much additional information about the Defendant or his circumstances in the United States. However, his involvement with others engaged in illegal activity, his unlawful presence in the United States, and his associates and his involvement in illegal activity is concerning and supports a finding that he poses a serious risk of flight.

    4.  <u>Reliability and trustworthiness</u>:

The Defendant's involvement in an illegal gambling organization in of itself demonstrates a lack of reliability and trustworthiness. He was actively involved in helping the organization carry out illegal activity and he benefitted from illegal proceeds.

On balance, these factors show by a preponderance of the evidence that the Defendant poses a serious risk of flight. As such, the Court should grant a detention hearing.

## II. This Court should detain the Defendant pretrial because he poses a risk of non-appearance.

An analysis of the factors to be considered under § 3142(g) reveals by a preponderance of the evidence that there is no condition, or combination of conditions, that would reasonably

assure the Defendant's appearance at future proceedings if release. 18 U.S.C. § 3142(f); *see United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). In accordance with § 3142(g), the Court considers four factors—the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature of the danger, if any, posed to the community upon release. 18 U.S.C. § 3142(g).

Here, all factors weigh in favor of detention. The Defendant is charged with a federal felony that involves obtaining money through illegal gambling. His underlying conduct is concerning and inherently involves dishonesty and deceit. Although he has minimal criminal history, he is unlawfully present in the United States and has chosen to engage in illegal activity to earn an income in our country. The weight of the evidence is strong, and a conviction is likely. The Defendant presents a risk of flight and is unlikely to abide by conditions of release or appear in court. He should be detained.

For all these reasons, the Government requests the Court detain the Defendant pending trial.

## CONCLUSION

The United States has met its burden to show by a preponderance of evidence that the Defendant poses a serious risk of flight and a risk of non-appearance. For these reasons, the Government requests that the Defendant be detained pending trial in this case.

Respectfully submitted this 21st day of October, 2025.

BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Kelsey Manweiler*
Kelsey Manweiler
Special Assistant United States Attorney

MOTION FOR DETENTION - 5